UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ANIMAL WELFARE INSTITUE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV-08-267-B-W |
| | ) | |
| ROLAND D. MARTIN, | ) | |
| Commissioner of the Maine Department of | ) | |
| Inland Fisheries and Wildlife, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING
ORDER AND PERMANENT INJUNCTION**

This exhaustively litigated case is in order for decision. Frustrated by the Court's failure
to issue a ruling on the pending motion for preliminary injunction before the commencement of
the early coyote and fox trapping season in the state of Maine, the Plaintiffs have filed a motion
for preliminary injunction and a motion for temporary restraining order. The Court denies each
motion.

I.    STATEMENT OF FACTS

On August 11, 2008, Animal Welfare Institute and the Wildlife Alliance of Maine
(Plaintiffs) filed an action for declaratory and injunctive relief against the Maine Department of
Inland Fisheries and Wildlife Commissioner (DIFW), claiming that the Commissioner had
violated the Endangered Species Act (ESA) by authorizing and allowing trapping activities that
"take" Canada lynx, a threatened species. *Compl.* (Docket # 1). Subsequently, the Court
allowed a number of intervenors to participate in this litigation. *Order* (Docket # 18).

This was not the first time the Court has struggled with an ESA claim involving the lynx. In 2006, the Animal Protection Institute (API) filed suit in this Court, alleging that the then existing trapping regulations had resulted in incidental takes of lynx. *Animal Protection Institute v. Martin*, No. 06-128-B-W (D. Me. Oct. 12, 2006). The API litigation resulted in the issuance of a Consent Decree on October 4, 2007, which committed the state of Maine to tightening its trapping regulations to avoid takes of lynx. *Consent Decree and Order* (Docket # 134) (*Consent Decree*).

The Plaintiffs in this case, however, were not bound by the terms of the Consent Decree, and they filed the instant lawsuit because there was continuing evidence that, even with the more stringent DIFW trapping regulations, lynx were still subject to incidental takes in Maine. On September 23, 2008, the Plaintiffs moved for a preliminary injunction and on November 26, 2009, the Court issued a sixty-four page opinion, granting the motion in part and denying it in part. *Order on Mot. for Preliminary Injunction and Mot. for Leave to File Rebuttal Decl. and Supplemental Dec.* (Docket # 53). The Court concluded that there was a regulatory gap in the DIFW regulations and ordered the state of Maine to take immediate action, but the Court also concluded that, apart from that gap, the Plaintiffs had not proven their entitlement to relief. *Id.* at 1. On December 12, 2008, the Plaintiffs filed an emergency motion for temporary restraining order, urging the Court to require a 24-hour trap check time for all Conibear traps. *Pls.' Mot. for Emergency TRO* (Docket # 63). The Court denied the motion on December 16, 2009. *Order Denying Emergency Mot. for TRO* (Docket # 69).

The Plaintiffs proceeded with their motion for permanent injunction and in April and June, the parties presented extensive testimony and documents in six days of contested hearings. The parties filed post-hearing briefs, the last of which was filed on August 7, 2009. *Pls.' Post*

*Hearing Brief* (Docket # 99); *Def.'s Post-Trial Brief* (Docket # 104); *Def.-Intervenors' Post-Trial Brief* (Docket # 105).  On October 10, 2009, the Plaintiffs moved for preliminary injunction and on October 19, 2009 for temporary restraining order.  *Pls.' Mot. for Preliminary Injunction to Enjoin the Early Fox and Coyote Trapping Season for 2009* (Docket # 107) (*Pls.' Mot. for Preliminary Injunction*); *Pls.' Mot. for TRO to Enjoin the Early Fox and Coyote Trapping Season, and, if Necessary, Postpone the Regular Trapping Season* (Docket # 109) (*Pls.' Mot. for TRO*).  The DIFW responded to the motion for preliminary injunction, but has not had an opportunity to respond to the motion for temporary restraining order.  *Def.'s Brief in Opp'n to Pls.' Mot. for Preliminary Injunction to Enjoin the Early Fox and Coyote Trapping Season for 2009* (Docket # 108) (*DIFW Opp'n.*).

In both their motion for preliminary injunction and motion for temporary restraining order, the Plaintiffs note that the state of Maine provides for an early trapping season for fox and coyote and that the regular trapping season for bobcat, coyote, fisher, fox, marten, and other furbearers other than bear runs from November 1, 2009 to December 31, 2009.  *Pls.' Mot. for Preliminary Injunction* at 2; *Pls.' Mot. for TRO* at 2.  Further, the Plaintiffs state that the United States Fish and Wildlife Service has indicated that the state of Maine's application for an incidental take permit is still in the public comment stage and no decision can be expected soon.  *Id.*  The Plaintiffs claim that failing to eliminate the fourteen-day early fox and coyote trapping season will cause irreparable harm, since it will likely result in takes of lynx and eliminating the fourteen-day season will "have no impact on the Defendant and will have minimal impact on the trapper-intervenors."  *Pls.' Mot. for Preliminary Injunction* at 4; *Pls.' Mot. for TRO* at 5.

In its response to the motion for preliminary injunction, the DIFW characterized the Plaintiffs' motion as "redundant."  *DIFW* at 1.  The DIFW observed that the Court has already

3

addressed a motion for preliminary injunction and an emergency motion for temporary restraining order, and that nothing has changed since the Court's earlier rulings. *Id.*

## II.    DISCUSSION

To determine whether to issue a temporary restraining order, the Court applies the same four-factor analysis used to evaluate a motion for preliminary injunction. *Northwest Bypass Group v. United States Army Corps of Eng'rs*, 453 F. Supp. 2d 333, 337 (D.N.H. 2006). Those well established factors are:

> (1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and, (4) the effect (if any) of the court's ruling on the public interest.

*Esso Standard Oil Co. v. Monroig-Zayas*, 445 F.3d 13, 17-18 (1st Cir. 2006) (quoting *Bl(a)ck Tea Soc'y v. City of Boston*, 378 F.3d 8, 11 (1st Cir. 2004). As with a preliminary injunction, the party seeking relief bears the burden of demonstrating that these factors "weigh in its favor." *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003).

The record in this and the predecessor case should confirm that the Court has conscientiously attempted to give careful and thorough attention to the issues the parties have raised. Just last December, the Court concluded that the Plaintiffs had not sustained their burden to justify the extraordinary remedy of an injunction following the DIFW's court-ordered tightening of its trapping regulations. The circumstances that led the Court to deny the Plaintiffs' emergency motion for a temporary restraining order have not changed. The regulations remain as they did in December and, as there has been no trapping, the facts on the ground are the same.

The Plaintiffs have therefore failed to provide a justification for revisiting the December 16, 2008 Order.  Although the Court can appreciate Plaintiffs' frustration, the issues before the Court are unusually complex, require shifting through a voluminous record, and applying nuanced, intricate and contested principles of law.  The Court assures counsel for the Plaintiffs that it is acutely aware of their desire for a speedy decision, but has opted for a considered, rather than an immediate opinion.  At the same time, the Court reminds counsel for the Plaintiffs that their case is not the only one the Court has pending before it.

**III.    CONCLUSION**

The Court DENIES the Plaintiffs' Motion for Preliminary Injunction to Enjoin the Early Fox and Coyote Trapping Season for 2009 (Docket # 107); and Plaintiffs' Motion for Temporary Restraining Order to Enjoin the Early Fox and Coyote Trapping Season, and, if Necessary, Postpone the Regular Trapping Season (Docket # 109).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 20th day of October, 2009

5